MYRA HAMMOND, ADMINISTRATRIX, PLAINTIFF, v. JAMES L. MORRISON, DEFENDANT.

Argued November 9, 1916—Decided March 5, 1917.

Where defendant, while driving an automobile on a public highway, ran into plaintiff's decedent because he was unable to see decedent, owing to his temporary blindness caused by the deflection of light shining on his windshield, and there being no contention that acts of the decedent contributed to his injury, a verdict of the jury, on the trial for damages, resulting in the exoneration of the defendant, cannot be justified, and is set aside.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the rule, *Leonard J. Tynan.*

*Contra, William I. Lewis.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover damages growing out of the death of Edwin J. Hammond, resulting from injuries received by being struck by the defendant's automobile. The accident occurred near midnight of February 19th, 1915, at the crossing of Broadway in the city of Paterson with the tracks of the New York, Susquehanna and Western Railroad Company. The decedent was a conductor in the employ of the Public Service Corporation, and at the time of the accident had gone to the rear of his car for the purpose of adjusting the trolley, which had jumped the wire at or about the railway crossing; and, while engaged in this work, was run into by the defendant's automobile, and crushed between it and the rear of the trolley car. The verdict of the jury on the trial of the cause resulted in the exoneration of the defendant.

This verdict cannot be justified. The only issue in the case was whether or not decedent's death was the result of the negligence of the defendant, the question of contributory negligence not having been presented by the pleadings. The defendant did not deny that the decedent came to his death in the way above stated, but attempted to excuse himself upon the ground that just before the collision the street lights which he had passed were reflected into his eyes by the windshield of his car, so that he was unable to see in front of him, and that this temporary blindness was the cause of the collision. His own story demonstrates his lack of care. No man is entitled to operate an automobile through a public street blindfolded. When his vision is temporarily destroyed in the way which the defendant indicated, it is his duty to stop his car, and so adjust his windshield as to prevent its interfering with his ability to see in front of him. The defendant, instead of doing this, took the chance of finding the way clear, and ran blindly into the trolley car behind which the decedent was standing. Having seen fit to do this, he cannot escape responsibility if his reckless conduct results in injury to a fellow being.

We have examined the other reasons set up by the plaintiff in support of her contention that this rule should be made absolute, but find them without merit. The testimony alleged to be incompetent (and which probably was) was not objected to by her, but, on the contrary, went into the case with her consent. The overruling of testimony offered on behalf of the plaintiff was submitted to without objection. The refusal to charge the requests which were submitted by her was not objected to, nor was there any objection made to the charge by the court of the request submitted by the defendant.

The rule to show cause will be made absolute.