## FRANK FAIRCHILD v. C. H. KILBOURNE.[1]

June 30, 1922.

No. 22,934.

**Driver of automobile with unlighted headlights negligent.**
1. In this action to recover damages sustained in an automobile collision the evidence sustains a finding that defendant was negligent in driving without headlights lit at a time when the statute requires them to be lit.

**Contributory negligence.**
2. Plaintiff's contributory negligence does not appear as a matter of law.

**Charge to jury correct.**
3. The charge of the court was correct as to the propositions of law given.

**No new trial because of newly discovered evidence.**
4. There was no abuse of discretion in denying a new trial on the ground of newly discovered evidence.

Action in the municipal court of Minneapolis to recover $950 for damages to an automobile caused by defendant's negligent driving. The case was tried before Baldwin, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $523.33. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Frank H. Wadsworth* and *A. R. Taylor*, for appellant.
*Lawrence R. Allison*, for respondent.

HOLT, J.
Shortly after 5:30 p. m. on the evening of December 15, 1920, plaintiff and defendant, each driving an automobile, had a collision at a

[1]Reported in 189 N. W. 126.

street intersection in Minneapolis. The streets intersected at right angles, but with a jog of 18 feet to the east of the street upon which plaintiff was proceeding south. Defendant had the right of way. Neither was aware of the other's approach until the collision. Both cars were damaged. Plaintiff recovered a verdict of $523.33. Defendant appears to have an action pending against plaintiff for damages on account of this accident. The appeal is from an order denying defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial.

The main contention is that defendant was entitled to a directed verdict because no actionable negligence of defendant was proven and plaintiff's contributory negligence appeared as a matter of law.

The collision occurred more than an hour after sunset. The trial court advised the jury to first determine whether or not the headlights on defendant's car were burning at the time of the collision. If they were burning, no other issue need be considered, for then a verdict for defendant should be returned. No other negligence on the part of defendant was submitted to the jury than the alleged omission to have the headlights of his car lit. We must assume that the jury found they were not. The first question therefore is, does the evidence support this finding? Plaintiff testified that as he approached the intersection he looked for automobile lights, and continued to look to his right until he had a clear view of the street upon which defendant was then coming of more than 60 feet, and could see none; that then, turning his eyes to the left to see if any one was coming from that direction and seeing no one, he accelerated his speed, but, before reaching the center of the intersection, his car was struck a terrific blow at the right front door by defendant's car. He is corroborated by his 14-year-old son who was in the seat with him. Defendant testified that his lights had been lit from the time he started his car at 4:30 p. m., and that half a block from the intersection, when he had to stop suddenly to avoid hitting a boy who came running across the street, he clearly saw the boy's face from the reflection of the headlights. Both parties seem to find corroboration in the fact that after the collision the headlights were not burning. Defendant claims he turned them out before plaintiff

and his son came up to speak to him concerning the accident, and plaintiff contends that, when defendant's attention was called to the fact that his lights were out, he failed to make a satisfactory explanation and impliedly admitted liability by directing plaintiff to send him the bill for repairs. It will be of no benefit to enter further into details. It is enough to state that the testimony of plaintiff and his son was in direct conflict with that of defendant as to the headlights on the latter's car being lit. There was also conflict as to other matters bearing upon the negligence of the parties. That being the case, the verdict approved by the court below that defendant was negligent should not be disregarded by this court.

Then assuming, as we must, that defendant's car approached the intersection with unlit headlights, was plaintiff negligent as a matter of law in failing to discover defendant in time so as to have yielded the right of way? We think not. There was a gas lamp at the corner of the collision, one on the opposite corner, and one near where the boy ran in front of defendant's car, as stated. But there was testimony that the lamps gave dim light. What a person in uncertain light may or may not discover in the way of approaching objects is peculiarly a question for a jury. It is significant that defendant did not see plaintiff's car until the moment of collision. The court carefully charged the jury that if by the exercise of ordinary care plaintiff could have discovered defendant's car approaching the intersection there could be no recovery.

We fail to see contributory negligence as a matter of law in the speed of 8 or 9 miles an hour to which plaintiff testified that he slowed down before attempting to cross. Nor in his omission to sound the horn may the court find on plaintiff's part conclusive proof of contributory negligence. Whether the view at this intersection was so obstructed that it became the duty of plaintiff to sound the horn in compliance with section 2632, G. S. 1913, might have been submitted to the jury, had it been requested. It was not for the court, under the evidence in this case, to say that there was a violation of this statute.

The criticisms of the charge are not warranted. Taken as a whole, the law was accurately and clearly given as to the main issues pre-

sented by the evidence viz: Defendant's alleged neglect in driving with unlit headlights, and plaintiff's failure to discover defendant's approach and yield him the right of way. If defendant desired to have the applicability of the statute referred to or the speed at which plaintiff was driving considered by the jury in the light of some instruction from the court, a request therefor should have been made. This was not done.

No abuse of judicial discretion is found in the refusal to grant a new trial on the ground of newly discovered evidence. The evidence tendered by the witness newly found is mainly cumulative.

The order is affirmed.