## A. N. JACOBS v. TIM BELLAND AND ANOTHER.[1]

May 20, 1927.

No. 26,013.

**Defendants negligent in parking auto truck without a parking light.**
> The evidence sustains the finding of the jury that the defendants were negligent in parking their auto truck on the side of a highway in the dark without a parking light; and it did not require a finding as a matter of law that the plaintiff, driving an auto in the direction that the truck was headed, was negligent in colliding with it.

Highways, 29 C. J. p. 667 n. 9; p. 668 n. 10.

Defendants appealed from an order of the district court for St. Louis county, Fesler, J., denying their alternative motion for judgment or a new trial. Affirmed.

*Baldwin, Baldwin, Holmes & Mayall,* for appellants.
*Spencer J. Searls,* for respondent.

DIBELL, J.
Action to recover for personal injuries. There was a verdict for the plaintiff. The defendants appeal from an order denying their alternative motion for judgment or a new trial.

[1]Reported in 214 N. W. 55.

The plaintiff was driving his auto towards Duluth from the west. The defendants were driving a truck in the same direction, had some trouble with the machine, ran out of gas, and parked at the right-hand side of the road. The evidence sustains a finding that they had no parking light. The plaintiff, approaching the truck from the west, ran his auto into it and was injured. The accident occurred on May 18, 1926, towards 8:30 or 9 o'clock in the evening. It was dark or dusk, the road ran through a wooded country, and there was timber on both sides. The defendants say that it was smoky, but it does not seem that this condition was of such definite character as to be of particular importance. There is some evidence that it was a dark or cloudy night.

The plaintiff claims that his lights were in order, that he was going at a reasonable speed, and that he did not see the truck until as he was about to strike it. The question of the defendants' liability for negligence was concededly for the jury. The question of the negligence of the plaintiff was for the jury. A jury could conclude, without being subject to a charge of disregarding the evidence, that in the situation presented the plaintiff was not as a matter of law contributorily negligent though he collided with the parked truck. See Fairchild v. Kilbourne, 152 Minn. 457, 189 N. W. 126. We appreciate the force of what was said in Heiden v. Minneapolis St. Ry. Co. 154 Minn. 102, 191 N. W. 254, relative to the duty of the motorman of a street car to travelers on the street to keep his car under such control that he could stop within the distance illuminated by his headlights. The doctrine of that case is not controlling when applied to the facts of this case. Neither does Hannan v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 492, 191 N. W. 922, control. The jury might find either way on the issue of the plaintiff's contributory negligence.

Order affirmed.