## ALEXANDER FORSTER v. CONSUMERS WHOLESALE SUPPLY COMPANY.[1]

March 9, 1928.

No. 26,629.

**In collision between automobile and truck, question of plaintiff's contributory negligence was for jury.**

1. Where plaintiff, driving his automobile on a paved highway on a dark evening, met a bus, turned out to the edge of the pavement to pass same and, while so doing, watched the roadway and did not look ahead, and then immediately turned slightly back towards the center of the road and increased his speed and collided with the rear of a truck, which he testified was parked or standing on the pavement without a rear light and which he did not see in time to avoid the collision, it is held that the question of plaintiff's contributory negligence was one of fact for the jury.

**Evidence sufficient to sustain finding that truck driver was negligent and to sustain reduced verdict.**

2. The evidence is held sufficient to sustain the finding of negligence on the part of the operator of the truck, and sufficient to sustain the verdict for plaintiff as reduced [to $4,500].

Motor Vehicles, 42 C. J. p. 1236 n. 36; p. 1263 n. 52.

Defendant appealed from an order of the district court for Hennepin county, Reed, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Maugridge S. Robb,* for appellant.

*E. J. Lien, Sweet & Johnson* and *A. A. Tenner,* for respondent.

[1] Reported in 218 N. W. 249.

OLSEN, C.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

Action to recover for personal injury and property damage in an automobile collision claimed to have been caused by the negligence of defendant's servant.

1. Plaintiff was driving his automobile upon a paved highway, going from St. Cloud toward Minneapolis, and collided with the rear of a truck operated by defendant's servant. The collision happened at about 6:30 p. m. on a dark December evening. The pavement was somewhat icy. Plaintiff met a passenger bus and turned out to his right to the edge of the pavement to pass same. While so doing he kept watch of the pavement and was not looking ahead. He slackened his speed while passing and, as soon as the bus was passed, he turned slightly back toward the center of the pavement, increased his speed, and collided with the rear of defendant's truck. Plaintiff claims that the truck was parked or standing on the pavement without a rear light, and that under the circumstances he could not and did not see it in time to avoid the collision. The headlights on his car were in proper condition. We do not attempt to give all the particulars.

Had the accident occurred in daylight or had the bus not been present, we would probably have been required to hold that plaintiff was guilty of contributory negligence as a matter of law; but under the circumstances shown the question of contributory negligence was one of fact and for the jury. That the plaintiff increased his speed when just past the bus should not be held conclusive against him. The case came fairly within Jacobs v. Belland, 171 Minn. 338, 214 N. W. 55. In the recent case of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, the collision happened in bright daylight and without any distracting circumstances.

2. There is evidence to sustain the finding of negligence on the part of the operator of defendant's truck and sufficient evidence to sustain the verdict as reduced by the trial court. The case has been twice tried, and two juries have found for the plaintiff. No complaint is made of the charge submitting the issues of negligence and contributory negligence to the jury.

Order affirmed.