[No. 21179.    Department One.    June 27, 1928.]

F. E. GRIFFITH, *Respondent*, v. GEORGE R. THOMPSON *et al., Appellants*.[1]

[1] HIGHWAYS (53-1, 58)—NEGLIGENCE—COLLISION WITH PARKED MOTOR TRUCK—QUESTION FOR JURY. It is not contributory negligence as a matter of law, to fail to see, in the nighttime, a truck parked on the edge of a narrow pavement, with no red light, where plaintiff's vision was obscured by the glare of approaching automobiles and his attention was given more to the approaching cars on the other side of the pavement.

[2] DAMAGES (103)—PLEADINGS—VARIANCE—DESCRIPTION OF INJURIES. In an action for personal injuries, an allegation of "a severe shock to the nervous system" is sufficient to admit evidence of an injurious effect to the shoulder, consisting of a sympathetic nerve effect, and also, loss of sleep and headaches following the injuries.

[3] TRIAL (101)—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse to give instructions in the language requested, when already given.

Appeal from a judgment of the superior court for Lewis county, Abel, J., entered November 11, 1927, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Jas. L. Conley, Dysart & Ellsbury*, and *C. D. Cunningham*, for appellants.

*C. B. Sears, Geo. A. Pipes*, and *Forney & Ponder*, for respondent.

PARKER, J.—The plaintiff, Griffith, seeks recovery of damages for injuries to his person and his automobile, which, he claims, resulted from the negligence of the defendant Aikin, servant of the defendants Thompson and Pollom, co-partners, in leaving standing on the Pacific Highway their motor truck during the nighttime, without a rear light; the plaintiff, without

[1]Reported in 268 Pac. 607.

receiving sufficient warning of the presence of the truck on the highway, having driven against it from the rear and received the injuries to his person and automobile for which he seeks recovery. A trial in the superior court for Lewis county, sitting with a jury, resulted in verdict and judgment awarding recovery to plaintiff against all of the defendants, from which they have appealed to this court.

The evidence, as we read it, leaves little room for controversy over the controlling facts. The jurors were warranted in viewing, and evidently did view, the facts to be in substance as follows: At the time in question, appellants Thompson and Pollom owned and conducted a feed business in Chehalis, using a heavy motor delivery truck in their business. Appellant Aikin was in their employ. Shortly after six o'clock of the December evening in question, Aikin and another employee of Thompson and Pollom, in the course of their employment, started with a load of feed on the truck to make deliveries to customers. Among others, there was a delivery of a sack of feed to be made to a customer living some two and one-half miles south of Chehalis upon the Pacific Highway. When they arrived at the home of that customer, about seven o'clock in the evening, the truck was stopped facing south in front of his place, with its left wheels on the pavement and its right wheels just off the pavement; that is, the truck was considerably more on than off the pavement. At that point the pavement is twenty feet wide. The atmosphere was slightly hazy, and, being about seven o'clock in the evening in December, it was, of course, long after sunset and fully dark. The color of the truck was gray, being very nearly the color of the pavement. The truck did not have upon it any rear light of any nature, that is, no burning light. There were, as usual

along that portion of the highway, many passing automobiles.

The truck being stopped, as we have noticed, Aikin stayed with the truck while his fellow employee took the sack of wheat a short distance to the customer's barn. Respondent Griffith was then driving in his Ford sedan on the Pacific Highway south towards his home, approaching the truck from the rear. Some five minutes after the stopping of the truck, Griffith, not seeing or being conscious of its presence there until some fifteen feet from it, in his effort to avoid striking it, turned his car to the left, but, being then unable to miss the truck, struck it a glancing blow which threw his car to the left and out of his control, so that it ran off the pavement to the left and down an embankment, wrecking it and severely injuring him.

As respondent approached the truck, there were a number of automobiles passing north, so that his vision was many times interfered with by their headlights. He paid particular attention to these approaching automobiles, to the end that he should not come into collision with any of them. He said, in substance, that he gave his attention more to the approaching automobiles than to the portion of the pavement immediately in front of him upon which automobiles would necessarily be going in the same direction he was going. It is plain, however, that his vision and attention to the portion of the highway directly in front of him was clearly such that he would have readily seen any red lights upon the rear of the truck had there been any such light there, as the law requires. He was driving at a speed of about twenty miles per hour for some distance until he saw the truck, when he had come too close to it to miss striking it. The front lights of his car were lit and in good condition. Just before reaching the truck, there approached and

passed him several cars in succession proceeding north. The glare of their headlights interfered with his vision ahead for the time being, but manifestly would not have prevented his seeing a red light on the rear of the truck in time to avoid striking the truck.

[1] It is not contended that the stopping of the truck and leaving it standing on the pavement without a rear light upon it was not negligence on the part of appellants; but the principal and most strenuously urged contention here made in behalf of appellants is that respondent's contributory negligence was the proximate cause of the injuries to his person and automobile, and that the trial court should have taken the case from the jury and so decided as a matter of law, in response to timely motions made in that behalf.

It is argued, in substance, that, according to his own testimony, his vision was so completely and continuously obstructed for a considerable distance before his automobile came in collision with the truck, that it was negligence as a matter of law for him to proceed as he did. We do not read his testimony as showing his vision being obstructed other than intermittently by lights of the passing automobiles he was meeting, though just before striking the truck he did meet several automobiles close together, and it may be that just then his vision was obstructed by their lights for some little time. It is plain, however, that at no time was his vision so obstructed as to prevent his seeing a proper red light on the rear of the truck had one been there as the law required. While he did pay more attention to the oncoming automobiles than to the portion of the pavement directly ahead of him, the pavement being only twenty feet wide, his field of vision was wider than the whole width of the pavement, and his looking at the oncoming automobiles on the east half of the pavement would necessarily

cause him to see whatever would be visible on the west side of the pavement directly ahead of him, and thus a proper red light on the side directly ahead of him would, at all times, have been visible to him and attracted his attention. He was driving at a moderate rate of speed, within the lawful speed limit. Clearly, we think it cannot be decided as a matter of law that the question of respondent's contributory negligence was other than a question of fact for the jury to decide. Under the circumstances here appearing, it seems plain to us that the following of our decisions are decisive in favor of respondent upon this branch of the case: *Devoto v. United Auto Transportation Co.*, 128 Wash. 604, 223 Pac. 1050; *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157; *McMoran v. Associated Oil Co.*, 144 Wash. 276, 257 Pac. 846.

Our later decision in *Millspaugh v. Alert Transfer & Storage Co.*, 145 Wash. 111, 259 Pac. 22, seems to be particularly relied upon by counsel for appellants. In that case, Millspaugh, the rider of the motorcycle which came into collision with the rear of an unlighted truck, causing him injury, had a wholly deficient headlight upon his motorcycle, that is, one which, according to his own testimony, did not show an object ahead of him in the dark to exceed thirty feet. The statute required of him "a sufficient light to reveal objects at least 150 feet ahead;" Rem. Comp. Stat., § 6334 [P. C. § 216]; so he was violating a positive law, and besides, the conditions under which he was proceeding clearly would have enabled him, with a legally sufficient headlight, to have seen the truck in time to avoid striking it; there being no headlights of other automobiles approaching him, or other impediments to his vision.

It cannot be decided as a matter of law that respondent in this case was in any manner violating any posi-

tive law of the highway. Whether or not he was driving in an unwarranted and reckless manner under all the circumstances was for the jury to decide.

[2]  Contention is made in behalf of appellants that the court erred to their prejudice in permitting, over their counsel's objections, respondent to testify as to how his shoulder was injuriously affected by his injuries. The objection was made upon the ground that the injury to respondent's shoulder was not made an issue by the pleadings in the case. The complaint alleged respondent's injuries to be "a severe shock to the nervous system and spinal cord, cuts about the face and head and both hands and a severe wrench and sprain of his right knee." This is followed by specifying more particularly the injuries to respondent's knee and hands, but no further details touching the alleged injury to his nervous system and spinal cord are given. The testimony touching the injurious effect to his shoulder is not clear or satisfactory as to just what is meant, but that testimony does not state any direct physical injury to his shoulder. All that can be made out of that testimony is that the injurious effect to his shoulder was of a sympathetic nerve effect, interfering with the effective use of his arm. An examining physician testified, in substance, that such effect could result from the shock and injury to respondent's nervous system and spinal cord, and respondent testified, in substance, that the effect followed the injuries he had received. We are unable to see, as the question is here presented, that the admission of this testimony was outside of the issues of the case. Respondent's testimony as to his loss of sleep and headaches following his injuries, we think, was admissible upon the same theory, though objected to by counsel for appellants as being outside the issues of the case.

[3]  Some contention is made that the court erred

in refusing a certain requested instruction. We are clearly of the opinion that the refusal to give the instruction requested was without prejudice since it was, in substance, given by the court, though not in the language requested.

One or two other claims of error are made, but we think they are wholly without merit.

The judgment is affirmed.

FULLERTON, C. J., MITCHELL, TOLMAN, and ASKREN, JJ., concur.