## JOHN J. MECHLER v. THOMAS J. McMAHON AND ANOTHER.[1]

May 2, 1930.

No. 27,637.

[1]Reported in 230 N. W. 776.

*Denegre, McDermott, Stearns, Stone & Mackey,* for appellants.
*Bundlie & Kelley,* for respondent.

HILTON, J.

Defendants appeal from an order granting plaintiff's motion for a new trial.

Plaintiff sued to recover for personal injuries and property damages sustained in a collision of his automobile with a truck owned by defendant McMahon and driven by his agent, Bogoty, with whom there was also a helper. Separate answers were filed by defendants, each of which in addition to a general denial alleged that if plaintiff suffered any damages they were caused solely by his own carelessness and negligence and without fault or negligence on the part of defendants. McMahon counterclaimed and asked for $500 because of damages to his truck.

At the close of plaintiff's case defendants' motion for a dismissal was denied, and at the close of all the evidence defendants' motion for a directed verdict was granted on the ground that plaintiff was guilty of contributory negligence as a matter of law. Prior thereto defendant McMahon's counterclaim was dismissed without prejudice. Plaintiff's motion for a new trial was granted exclusively upon errors of law occurring at the trial.

Whether the court's order directing a verdict in favor of defendants was proper presents a question of law. Defendants' motion for a directed verdict admits for the purpose thereof the credibility of the evidence for the plaintiff and every fact and inference which may be fairly drawn therefrom in favor of plaintiff. In other words, it follows that the evidence most favorable to plaintiff must be accepted. Stauff v. Bingenheimer, 94 Minn. 309, 102 N. W. 694; Lesch v. G. N. Ry. Co. 97 Minn. 503, 106 N. W. 955, 7 L.R.A.(N.S.) 93; Knudson v. G. N. Ry. Co. 114 Minn. 244, 130 N. W. 994; Arnold v. Dauchy, 115 Minn. 28, 131 N. W. 625; 6 Dunnell, Minn. Dig. (2 ed.) § 9764.

■ The test as to whether a question of law or fact is presented must be applied with caution lest the courts usurp the functions of the jury. There should however be no hesitancy, where a proper situation arises, in determining that the question is one of law. It is only in the clearest of cases when the facts are undisputed and it is plain that all reasonable men can draw but one conclusion, that the question of contributory negligence becomes one of law. Lewis v. C. St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180; Knudson v. G. N. Ry. Co. 114 Minn. 244, 130 N. W. 994; Arnold v. Dauchy, 115 Minn. 28, 131 N. W. 625; Schulz v. Duel, 128 Minn. 213, 150 N. W. 786; Fitzgerald v. Armour & Co. 129 Minn. 81, 151 N. W. 539; Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580; Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537.

■ Applied to the instant case, does the evidence thus taken most favorably for plaintiff establish as a matter of law that he was guilty of contributory negligence? Thus considering the problem, we briefly state the evidence.

Defendant McMahon's truck was proceeding northerly on paved highway No. 1 approaching Rosemount. The truck was operated by defendant Bogoty and another employe of McMahon. It was loaded with 75 boxes of apples, the rear end of the truck being covered with a khaki-colored tarpaulin. The load extended to a height that prevented a view to the rear from the cab of the truck. The front lights of the truck went out, as did also the red light in the rear thereof. The truck was stopped. Although there was testimony to the effect that the truck was parked partly on the shoulder and partly on the pavement, this was disputed by plaintiff's evidence, which must here be taken as true. It was that the truck was parked entirely on the pavement with the right wheels two feet from the edge thereof and the front wheels cramped to the left so that the left front wheel was over the center dividing line of the pavement. It had been thus parked for about five minutes. After the accident the truck was in the ditch on the left (west) side of the highway. The accident occurred on November 9, 1928, at about 7:30 p. m. It was dark and misty with a drizzling rain; the pave-

ment was slippery. No effort was made to warn automobiles coming toward the truck.

Plaintiff was driving northerly upon the highway at about 35 miles an hour in the same direction as the truck was headed. The headlights of plaintiff's car were burning, and an automatic windshield wiper was operating. When about 70 or 80 feet away plaintiff observed the truck and at first thought it was moving. In an instant he became aware of the fact that it was stationary, applied his brakes and turned his steering wheel to the left for the purpose of passing around the truck. His car failed to respond and skidded into the rear of the truck with the resulting damages. He could not stop his car under the conditions in the distance of 70 or 80 feet, which was the range of the illumination of his headlights. If the car had responded to the steering wheel, plaintiff probably could have passed the truck by going on the pavement and the shoulder to the left. Shortly after the collision defendant Bogoty admitted that it was his fault.

Defendants had violated two statutory provisions: (1) L. 1927, p. 563, c. 412, § 24, provides:

"No person shall park or leave standing any vehicle * * * upon the paved * * * portion of any highway, outside of a municipality, * * * provided, in no event shall any person leave standing any vehicle, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway * * * shall be left for free passage of other vehicles thereon, * * *."

(2) L. 1927, p. 563, c. 412, § 48, requires the display of a red light on the rear of a motor vehicle from one-half hour after sunset.

The highway consisted of concrete pavement 18 feet wide with gravel shoulders five or six feet wide on each side thereof. Instead of 15 feet of the pavement to the left of the truck being clear, there was less than nine feet. For the purposes of this appeal defendants' negligence was established.

The burden of proving plaintiff's contributory negligence was upon defendants. It cannot be said as a matter of law that plaintiff

did not regulate his conduct with proper care and prudence. His speed of 35 miles per hour was presumptively reasonable and proper. L. 1927, p. 563, c. 412, § 4, title II. Plaintiff was watching the highway, and the operation of the windshield wiper permitted a clear vision. When he saw the parked truck in front of him he attempted to avoid a collision. Applying the rule above referred to as to the weight to be given evidence on plaintiff's behalf, the question as to plaintiff's contributory negligence was one for the jury and not for the court. Forester v. Consumers W. S. Co. 174 Minn. 105, 218 N. W. 249; Jacobs v. Belland, 171 Minn. 338, 214 N. W. 55. Plaintiff's motion for a new trial was properly granted. As there is to be a new trial on the grounds stated, other points covered by the briefs need not be here considered.

Affirmed.

STONE, J. took no part.

