I. G. BROWN v. RAYMOND BROS. MOTOR TRANS-
PORTATION, INC.[1]

June 10, 1932.

No. 28,939.

*Cobb, Hoke, Benson, Krause & Faegre* and *Tracy J. Peycke,* for
appellant.

*Morphy, Bradford, Cummins & Cummins* and *Silver & Ruttenberg,* for respondent.

HOLT, J.

Defendant appeals from the order denying its alternative motion
for judgment notwithstanding the verdict or a new trial.

Defendant's counsel present the sole proposition on this appeal
that plaintiff was guilty of contributory negligence as a matter of
law in running into the rear end of defendant's moving truck. It
is necessary to state certain facts, some of which are sharply disputed but which the jury could find in plaintiff's favor.

[1] Reported in 243 N. W. 112.

On the 12th of December, 1930, plaintiff, driving a Chevrolet car, and defendant, by its servant, driving a truck, traveling south on paved trunk highway No. 27, had reached a point about four miles south of Rice, shortly after 6:30 p. m. when the Chevrolet overtook and crashed into the rear end of the truck, injuring plaintiff and damaging his car. The night was very dark. The 18-foot pavement was dry. There was evidence that the truck was operated with no lights; that the truck weighed four and one-half tons, had a load of three and one-half tons, and was ten feet high and about seven feet wide, inclosed or covered, the rear end closed by a tan-colored curtain, behind which upon the tailboard were strapped some chicken crates; that the appearance of the truck, to one approaching from the rear, blended with the pavement; that when 200 to 250 feet from the truck plaintiff, in meeting a northbound car, put on the dimmers, the driver of which car reciprocated the favor; that about 100 to 125 feet behind the first car came another, with glaring lights, and swung somewhat to plaintiff's side of the road; that plaintiff in passing these two cars had reduced his speed from 45 miles to 30 or 35 miles an hour; that when the glare of the last car prevented plaintiff from seeing ahead, the latter threw on his full lights and watched the side of the road so as to swing to the extreme right thereof out of the way of the second car; and that as he was passing this second car the truck loomed up so suddenly and at so short a distance ahead that the collision was inevitable, although he slammed on the brakes. The chief contention is that plaintiff in continuing to drive for 62 feet, just before discovering the truck, at the speed of 30 to 35 miles per hour, knowing that he could not see ahead because blinded by the lights of the second car, must be held contributorily negligent as a matter of law. Plaintiff admitted that he was blinded as far as looking ahead was concerned, but that he could look down to the side so as to be sure that he kept as far from the center line as possible in order to avoid contact with the second car which he observed swing towards him. But with the admission came these questions and answers on cross-examination:

Q. "And during all the time that you traveled that 62 feet and the distance back to the first automobile you could have stopped your car, had you applied your brake, in 30 to 35 feet; that is correct?

A. "I should think so.

Q. "And you did not apply your brake at all, did you, before passing the second northbound car?

A. "Yes, sir, I looked up and saw no lights [red lights ahead] so I did not put on any brake."

In other words, plaintiff looked ahead before being blinded by the headlights of the second car and was unable to discover the presence of the truck because of the absence of the customary red lights or any lights thereon. In that situation it seems to be a jury question, and not one for the court, whether or not an ordinarily prudent person should stop instantly or would proceed 62 feet at the speed he was going, he knowing that he was on the proper side of the road. It is estimated that it took only one and one-third seconds to travel those 62 feet if the jury believed plaintiff as to speed. The jury could also conclude that as an ordinarily careful person he could assume that any motor vehicle traveling ahead of him would be disclosed by its rear red lights as soon as he came within 500 feet of it. 1 Mason, 1927, § 2720-48(e).

Defendant suggests that the lights of the two northbound cars as they passed the truck would reveal its presence to plaintiff. But to what extent such lights might disclose the truck to plaintiff is a question of fact. It certainly cannot be assumed as a proposition of law that plaintiff could or should have discovered the truck from those lights. Defendant points to the fact that this was not the ordinary collision of running into a stationary vehicle on the highway. The truck was moving, and plaintiff overtook it. Had there not been the distracting elements of the passing of the two northbound cars, a very persuasive argument, at least to a jury, could be made that if the truck traveled 30 miles an hour, as defendant testified, and plaintiff was going only 30 to 35, the latter's drawing near the truck would be so gradual that if he looked at all he would

have discovered it in time to avoid contact with it. But here again the evidence is such that the jury could readily conclude that the truck was proceeding at much slower speed than 30 miles an hour.

Defendant cites the following authorities from other jurisdictions in support of its contentions: Woodhead v. Wilkinson, 181 Cal. 599, 185 P. 851, 10 A. L. R. 291; Hatzakorzian v. Rucker-Fuller Desk Co. 197 Cal. 82, 239 P. 709, 41 A. L. R. 1027; Cole v. Wilson, 127 Me. 316, 143 A. 178; House v. Ryder, 129 Me. 135, 150 A. 487; Budnick v. Peterson, 215 Mich. 678, 184 N. W. 493; Hammond v. Morrison, 90 N. J. L. 15, 100 A. 154; Grosz v. Bone, 48 S. D. 65, 201 N. W. 871; Carlson v. Johnke, — S. D. —, 234 N. W. 25, 72 A. L. R. 1352; Taecker v. Pickus, — S. D. —, 235 N. W. 504; Jaquith v. Worden, 73 Wash. 349, 132 P. 33, 48 L.R.A.(N.S.) 827; Pietsch v. McCarthy, 159 Wis. 251, 150 N. W. 482. All of these cases, except those from South Dakota and Wisconsin, involve the question of the contributory negligence of pedestrians on public streets or highways suing for damages sustained from automobiles striking them from behind. The South Dakota cases held the drivers of cars who sought to recover damages for obstructions—sandpiles in highways under repair—guilty of contributory negligence as a matter of law in failing to have the cars under control, knowing that the highway was under repair. In one of the cases it was broad daylight. In the Wisconsin case the plaintiff, who sought to recover for damages to his car when he overtook and ran into a dump-wagon on a city street, driven after sundown without lights in violation of the city ordinance, was held to have violated the same ordinance in not having proper headlights lit; hence contributorily negligent as a matter of law.

The following cases in this court sustain the trial court in ruling that the evidence made the defense of plaintiff's contributory negligence an issue of fact for the jury: Fairchild v. Kilbourne, 152 Minn. 457, 189 N. W. 126; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580; Jacobs v. Belland, 171 Minn. 338, 214 N. W. 55; Forster v. Consumers W. S. Co. 174 Minn. 105, 218 N. W. 249; Mechler v.

McMahon, 184 Minn. 476, 239 N. W. 605; Olson v. Purity Baking Co. 185 Minn. 571, 242 N. W. 283. From other courts, in line with our decisions, may be cited Coca Cola Bottling Co. v. Shipp, 174 Ark. 130, 297 S. W. 856 (the opinion after a rehearing); Rozycki v. Yantic G. & P. Co. 99 Conn. 711, 122 A. 717, 37 A. L. R. 582; City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022; Murphy v. Hawthorne, 117 Or. 319, 244 P. 79, 44 A. L. R. 1397; Griffith v. Thompson, 148 Wash. 243, 268 P. 607.

The order is affirmed.