## VIRGINIA ORRVAR AND ANOTHER v. HOWARD MORGAN.[1]

June 16, 1933.

No. 29,465.

*Mitchell, Gillette, Nye & Harries,* for appellant.
*Galen E. Bush,* for respondents.

*LORING, Justice.*

Appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

August 19, 1932, at about nine o'clock in the evening, Robert Orrvar, son of the plaintiffs, was driving their large sedan along a paved highway leading into Proctor, Minnesota. In the car with Robert were five others, three girls and two boys. Robert, who was 19 years old, was using the car with plaintiffs' permission. Defendant Morgan had been traveling on the same highway in the

[1]Reported in 249 N. W. 42.

same direction when his motor stalled. He was endeavoring to push his truck off the highway when plaintiffs' car struck the rear of the truck and was damaged. It appears that Robert had his headlights tilted down, and he testified that he did not see the truck until he was so close that it was impossible to turn out to avoid striking it. The testimony tends to show that the defendant did not have a lighted tail-light on the rear of his truck as provided by statute. The jury found for the plaintiffs. Defendant appeals on the ground that the court should have found the plaintiffs' son guilty of contributory negligence as a matter of law.

It was a clear summer night, and Robert was traveling at the rate of about 30 miles per hour, but stated that he did not see the truck until he was about a rod away from it. He was not sure of the distance he could actually see ahead of the car, but he testified that in his judgment he could see 25 or 30 feet or perhaps 35 or 40 feet if "I strained my eyes." A mechanic testified that the lights when tilted down should cause enough illumination to make an object clearly discernible at 150 feet under normal atmospheric conditions.

Plaintiffs cite several cases of accidents of similar nature where the contributory negligence of the plaintiff has been held to be a question of fact for the jury and not a matter of law.

In Forster v. Consumers W. S. Co. 174 Minn. 105, 218 N. W. 249, an accident similar to this one occurred, and this court held that the question of plaintiff's negligence was a question for the jury. There, however, the accident occurred on a dark December evening. The pavement was icy. Plaintiff met and passed a passenger bus and turned out to the right of the pavement in so doing. His eyes were on the side of the pavement, and he was not looking ahead. He increased his speed upon passing the bus and collided with the rear of defendant's truck, which was parked upon the highway. It was said in that case [174 Minn. 106]:

"Had the accident occurred in daylight or had the bus not been present, we would probably have been required to hold that plaintiff was guilty of contributory negligence as a matter of law; but under

the circumstances shown the question of contributory negligence was one of fact and for the jury."

In the case before us Robert had passed no car previous to the collision; no other car was upon the road; there was no ice upon the pavement; and the night was clear. It would be difficult to distinguish the case before us from one of the hypothetical situations suggested in the Forster case, 174 Minn. 105, 218 N. W. 249. See also the case of Brown v. Raymond Bros. M. T. Co. 186 Minn. 321, 243 N. W. 112.

In Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776, the night upon which the accident occurred was dark and misty, and a drizzling rain was falling. Plaintiff saw the truck ahead when about 70 or 80 feet away, and in endeavoring to pass he applied his brakes and skidded on the pavement into the rear of the truck. In the instant case it was a clear summer evening, and Robert did not see the truck until he was too close to turn out.

In Knutson v. Farmers Co-op. Creamery, 180 Minn. 116, 230 N. W. 270, 271, cited by respondent, this court said that the question of contributory negligence was for the jury, but:

"In fact no point or argument is found in defendant's brief to the effect that contributory negligence appears as a matter of law in this record; hence nothing further need be said on that subject."

In Wicker v. North States Const. Co. 183 Minn. 79, 235 N. W. 630, 632, plaintiff collided with a concrete mixer that had been left in the middle of the road by a construction crew. The night was dark. The accident occurred about 9:30 p. m. In holding that plaintiff's contributory negligence was a question of fact for the jury the court said [183 Minn. 83]:

"The jury were warranted in concluding that the difficulty in the instant case was that the object in the road was about the same color as the road, that it was so tall that its top did not outline against the horizon and was not reasonably discernible under the circumstances until within about 20 feet therefrom. Indeed there is nothing in the record to indicate that the driver could not have

stopped his car within the radius of his lights. In this case it was permissible for the jury to conclude that no automobile light would have seasonably disclosed the obstruction. If so, it would seem to follow that the accident was not due to the driver's conduct or to the character of his lights. Nor is there anything in the record to show that the obstruction was not illuminated by the lamps within a greater distance. The driver did not see it."

The jury found for the plaintiff. The concrete mixer obstructed the whole highway, and Wicker could not have avoided the accident by turning out as could the plaintiffs' son here. Also the difference in the appearance of the two objects struck justified the submission of the question of plaintiff's negligence to the jury in the Wicker case but not in the case at bar.

The two cases that most strongly support the respondent's theory are those of Jacobs v. Belland, 171 Minn. 338, 214 N. W. 55, and Olson v. Purity Baking Co. 185 Minn. 571, 242 N. W. 283. In the former case the evidence tended to show that the night was dark and cloudy and that the atmosphere was somewhat smoky. In the latter case the color of the truck that was struck was an element given serious consideration by this court. In the case at bar the truck was on the highway; the plaintiffs' son did not see it in time to avoid striking it; it was a clear summer night, and not another car was on the road in the vicinity.

The testimony of Robert in this case shows that he could see but 25 or 30 feet ahead of him at the time of the accident. He was traveling at the rate of about 30 miles per hour. If his testimony is true, then he was traveling at a rate of speed that would make it impossible to stop or turn his car within the space illuminated by his headlights. If the testimony of the mechanic is to be believed, as plaintiffs' counsel contend, the lights cast a ray sufficient to light the roadway for 150 feet. In that case Robert failed to use his eyes and to see what was obviously in front of him. Taking into consideration the nature of the accident, the weather conditions at the time, and the condition of the highway, we think that all reasonable

minds functioning judicially would conclude that Robert was guilty of contributory negligence.

Reversed.

*WILSON, Chief Justice,* and *DIBELL, Justice* (dissenting). We think the question of the driver's negligence was for the jury.