## W. B. TULLY v. FLOUR CITY COAL & OIL COMPANY.[1]

February 23, 1934.

No. 29,790.

*Wellington Tully* and *Robert J. McDonald,* for appellant.
*Merriam & Wright,* for respondent.

[1]Reported in 253 N. W. 22.

*LORING, Justice.*

In a case arising out of an automobile collision the plaintiff had a verdict and has appealed from a judgment entered pursuant to an order granting defendant's motion for judgment notwithstanding the verdict.

Queen avenue is a residence street in the lake district of Minneapolis and runs in a northerly and southerly direction. February 1, 1932, accompanied by his wife and two other women, plaintiff was driving his sedan south on that street at about seven o'clock in the evening. Snow was falling, and the wind was blowing. The weather was described by witnesses as "blustery" and "very blizzardy." Parked on Queen avenue, facing southerly, was a coal truck belonging to the defendant, its right front wheel about three feet from the curb and the rear end projecting out into the street at about a 30-degree angle to the curb. The streets were slippery with ice covered by fresh snow. Plaintiff was driving to the right of the center line at a speed estimated at between 20 and 25 miles per hour. He noticed the tail-light of a car parked along the right-hand curb and turned out to pass it. Upon passing the car the rear end of the defendant's truck loomed up about 20 to 30 feet ahead of him. He endeavored to swing out to the left to pass the truck; his car slipped on the icy pavement and collided with the left rear corner of the coal truck. The truck was the ordinary type of truck used for the purpose of delivering coal, equipped with a coal box with vertical sides which flared out near the top, and was about six feet in height. There were no lights, nor was there any reflector on the rear of the truck. Defendant concedes its negligence. The trial court, after a verdict had been found in favor of the plaintiff, held that plaintiff was guilty of contributory negligence as a matter of law and granted defendant's motion for judgment notwithstanding the verdict.

■ Many cases have been decided in this state involving accidents of a similar nature. Forster v. Consumers W. S. Co. 174 Minn. 105, 218 N. W. 249; Brown v. Raymond Bros. Motor Transportation, Inc. 186 Minn. 321, 243 N. W. 112; Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776; Knutson v. Farmers Co-op. Cream-

ery, 180 Minn. 116, 230 N. W. 270; Wicker v. North States Const. Co. Inc. 183 Minn. 79, 235 N. W. 630; Jacobs v. Belland, 171 Minn. 338, 214 N. W. 55. In all of these it was held that contributory negligence on the part of the driver striking the parked car was a question for the jury.

Defendant relies largely on the case of Orrvar v. Morgan, 189 Minn. 306, 249 N. W. 42. In that case we held that the plaintiffs were guilty of contributory negligence as a matter of law. The case at bar is easily distinguished. In the Orrvar case the weather was clear, and no other cars were upon the highway except the one struck by plaintiffs' car. Those facts distinguish the case from those we have previously cited. All of them were discussed. The rule laid down in the Orrvar case was that where there are no extraneous circumstances to interfere with the safe and proper operation of a motor vehicle and the operator of the motor vehicle causes it to collide with an object on the highway that is easily discernible, the operator is guilty of negligence as a matter of law. Weather conditions, condition of the highway or street, and other traffic are matters to be given consideration in determining the negligence of a driver. Taking into consideration the condition of the street, the impaired visibility due to the storm, the position of the defendant's truck upon the street, the width of the street, and the presence of another car near the curb, we think the question of plaintiff's contributory negligence was one upon which reasonable minds might differ and was properly a question for the jury.

■ Defendant contends that the speed of plaintiff's car was in excess of the statutory limit and that plaintiff was *prima facie* guilty of negligence. If the jury believed that the speed was in excess of the statutory rate it might still believe that plaintiff was not negligent, since violation of the statute merely creates a rebuttable presumption of fact. Hayden v. Lundgren, 175 Minn. 449, 221 N. W. 715; Hustvet v. Kuusinen, 184 Minn. 222, 238 N. W. 330. The evidence does not compel a finding adverse to plaintiff.

Reversed.