## PAUL J. SPARTZ v. WILFRED KREBSBACH.[1]

March 25, 1948.

No. 34,578.

*Baudler & Baudler*, for appellant.
*Catherwood, Hughes & Alderson*, for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order granting a motion for judgment for defendant notwithstanding a verdict for plaintiff of $350, in response to an alternative motion for judgment or a new trial in an action for personal injuries and property damage arising out of the collision of two automobiles. The trial court granted judgment on

[1]Reported in 31 N. W. (2d) 917.

the ground that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff contends that defendant was guilty of wilful negligence and that contributory negligence is no defense.

When the collision occurred November 3, 1946, plaintiff was driving late at night in a southerly direction on state aid road No. 7 near the village of Adams, Minnesota. He testified that he was alone in his automobile and that he was going about 35 miles an hour, with his lights on low beam, because there were "chuckholes" on that stretch of road. He contended that he could see the chuckholes better with his low-beam lights. He also testified that he could see approximately 30 feet ahead of his car as he drove along. The highway was about 23 feet wide at the point where the collision occurred. The road was dry and free from ice and snow. The night was dark, and plaintiff asserted that the sky was cloudy.

The car of defendant was stopped on the highway without its lights on. It faced north and had been traveling in a northerly direction. Defendant testified that he had experienced mechanical trouble; that the lights had failed; and that he had stopped about 20 minutes before the collision. Plaintiff contends that defendant parked on the highway for his own convenience, not because of mechanical trouble with his car. It is undisputed that defendant's car was on his right side of the road.

1. "Wilful negligence embraces conduct where the infringement of another's right is not only intended but also it is foreseen that the conduct pursued will result in such invasion." Hanson v. Hall, 202 Minn. 381, 385, 279 N. W. 227, 229. The record does not bring this case within the scope of the wilful negligence rule. The rule of Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. (2d) 553, is not applicable. Taking a view of the case most favorable to plaintiff, who was going in the opposite direction from that pursued by defendant, the car of defendant did not in any way obstruct plaintiff's side of the road. The argument that there were chuckholes and that plaintiff had his lights on low beam in order to avoid them is not impressive. His duty was to stay on the right side of the road.

If he was cognizant of any danger which might arise from these chuckholes, which he saw there, he should have driven at a rate of speed which would have insured safe passage on his side of the highway. Moreover, the evidence tends to prove that the chuckholes were all north of an intersection some distance to the north of the place of collision.

2. Even less impressive is the argument that plaintiff was not, as a matter of law, guilty of contributory negligence. The facts show beyond dispute that he was on the wrong side of the road, and, although he could see only 30 feet ahead of his car, he was traveling at a rate of speed which would have required at least 50 feet to stop. These facts place this case squarely within the rule of Orrvar v. Morgan, 189 Minn. 306, 249 N. W. 42.

Order affirmed.