# THOMAS DALY v. THOMAS A. CURRY.[1]

February 19, 1915.

Nos. 19,002—(223).

**Injury to passenger alighting from street car.**

1. Issues of defendant's and plaintiff's negligence in an action to recover damages for personal injuries, alleged to have been caused by defendant's negligent operation of an automobile whereby it collided with plaintiff just after he had alighted from a street car, *held*, under the evidence, for the jury.

**Opinion evidence — speed of machine.**

2. A business man of mature years, who saw the automobile as it passed the rear end of the street car and watched it until it stopped, was competent, without further qualification other than reasonable intelligence and ordinary experience in life, to give an opinion as to its speed, though he had previously testified that he had never theretofore attempted to estimate the speed of a passing automobile and could not state positively how fast the one in question was going.

**Verdict not excessive.**

3. Verdict for $6,000 as damages resulting from the fracture of plaintiff's leg and other injuries, sustained.

**Taxation of disbursement — point not available on appeal.**

4. Defendant, having failed to question an allowance for expert witness fees which was set out as a disbursement in plaintiff's notice of taxation of costs, *held* precluded from objecting thereto on the ground that it was originally allowed by an *ex parte* order made by a district judge other than the one who tried the case.

Action in the district court for Ramsey county to recover $25,000 for personal injuries. The case was tried before Steele, J., and a jury which returned a verdict in favor of plaintiff for $6,000. De-

[1] Reported in 151 N. W. 274.

Note.—On the question of evidence as to speed of automobiles or other road vehicles, see note in 34 L.R.A.(N.S.) 778, note.

fendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Harris Richardson & Walter Richardson,* for appellant.

*Reed & Swift* and *W. A. McManigal, Jr.,* for respondent.

[PHILIP E. BROWN, J.] [1]

This is an action to recover damages for personal injuries suffered by plaintiff, alleged to have been caused by defendant's negligent operation of an automobile. Plaintiff had a verdict. After denial of defendant's alternative motion and entry of judgment, he appealed from the latter.

There was ample evidence to sustain findings to the effect following: On April 12, 1913, plaintiff, with several others, was riding as a passenger in the vestibule of a street car on University avenue, St. Paul. Defendant was following in an automobile owned and driven by him. The street car was running ordinarily, and in response to signals of passengers desiring to get off, was stopped in the usual and ordinary manner just beyond the street crossing on the proper side of the street. Several passengers alighted, after which plaintiff, without looking to see if any vehicles were near, stepped off, and when he had proceeded two or three feet was struck by defendant's rapidly approaching automobile, which he had not previously seen, and dragged under it some 60 feet or more, to a point about 10 feet past the front end of the street car, thus receiving the injuries here complained of. The street was wet and slippery.

1. The court submitted the questions of defendant's and plaintiff's negligence to the jury, within the issues made by the pleadings, to which no exceptions have been taken; and defendant has no just ground to complain of the conclusion reached in either regard. Johnson v. Young, 127 Minn. 462, 149 N. W. 940; Kling v. Thompson–McDonald Lumber Co. 127 Minn. 468, 149 N. W. 947.

2. Defendant assigns error because a witness, a business man of mature years, who saw the automobile as its rear end passed the gates

---

[1] See Per Curiam order on page 452.

of the street car and until it stopped, was allowed, over his objection, to give an opinion as to how fast it was moving, though he had previously testified that he had never theretofore attempted to determine the speed of an automobile by watching it pass, and was unable to state positively how fast this one was going. The ruling was correct. Any person of reasonable intelligence and ordinary experience in life may, without proof of further qualification, express an opinion as to how fast an automobile or other moving object which has come under his observation was going at a particular time. Wolfe v. Ives, 83 Conn. 174, 179, 76 Atl. 526; 2 R. C. L. 1202; 19 Ann. Cas. 754, note.

3. The verdict was for $6,000, which defendant claims is excessive. Plaintiff was an electrician, about 36 years old, earning from $110 to $130 a month. In addition to a wound eight inches long on his thigh, and other minor injuries, the main bone in his leg was fractured between the ankle and knee, and likewise the small one in two places; from which he made a poor recovery, several surgical operations having already been necessary, with the prospect, at the time of the trial, of the necessity of another, because of the presence of steel plates used in obtaining a union of the large bone and the failure of a sinus, or opening in the skin connecting with the bone, to heal. At that time, February 17, 1914, he was still suffering from inflammation of the shoulder joint, sprain in the back and hip, partial loss of ankle motion and power over the great toe, and flat-foot; being practically unable to work or move about without crutches or a crutch and cane. He incurred a hospital bill of $70 and a physician's charge which the jury might have found in the sum of seven or eight hundred dollars. We sustain the verdict.

4. Before taxing costs plaintiff obtained, from a district judge other than the one who tried the case, an *ex parte* order, "subject to the usual objections upon taxation of costs," allowing him expert witness' fees for the physician who treated him and testified on the trial. This allowance was set out in plaintiff's notice of taxation of costs as a disbursement and allowed; and defendant, having taken no objection thereto, is now precluded from questioning it.

We find no merit in the assignments of error not discussed.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice Philip E. Brown, in accordance with the conclusions reached by the court, the judgment appealed from is affirmed.