## HENRY DUNKELBECK v. WILLIAM MEYER.[1]

### May 31, 1918.

### No. 20,874.

**Highway — evidence of negligence — passing another vehicle.**

1. The evidence sustains a finding that defendant in passing plaintiff on a highway negligently collided with him, and,

**Same — contributory negligence.**

2. That plaintiff was free from contributory negligence. The fact that the driver of a vehicle fails to give way to one passing from behind is not negligence, unless the road is of sufficient width to permit passing and the forward driver knows or ought to have known of the purpose to pass.

**Same — evidence of speed admissible — estimate.**

3. Evidence of speed was properly received. It was not necessary that a witness giving an estimate of speed be an expert.

[1]Reported in 167 N. W. 1034.

**Same — signal to pass vehicle ahead.**

4. It was not error to charge the jury that it is the duty of a driver desiring to pass from the rear to give a signal indicating his desire.

Action in the district court for Blue Earth county to recover $2,070 for injuries to persons and property received in collision with defendant's automobile. The answer alleged plaintiff's contributory negligence. The case was tried before Comstock, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $300. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the order denying his motion for a new trial, defendant appealed. Affirmed.

*C. J. Laurisch,* for appellant.

*Pfau & Pfau* and *H. A. Johnson,* for respondent.

HALLAM, J.

1. Plaintiff was driving on a public highway with a horse and top buggy. Defendant passed from behind in an automobile. As defendant turned into the road after passing, some poles he carried in his automobile struck plaintiff's horse causing the horse to run away and injure plaintiff and damage his buggy. The jury returned a verdict for plaintiff in the sum of $300.

The evidence amply sustains a finding that defendant was negligent. He turned back into the road too abruptly. He complains that plaintiff hugged the center of the road, gave him no room, and that an obstruction by the roadside compelled him to turn in sharply as he passed. The fact that plaintiff kept the center of the road gave defendant no license to drive upon him. The evidence as to the alleged obstruction ahead is not conclusive in relieving defendant from fault.

2. It is urged that plaintiff was guilty of contributory negligence in keeping the center of the road and not checking his speed so as to allow defendant to pass. If plaintiff knew or ought to have known of defendant's approach, this would be true. He says he did not know of defendant's approach until he saw defendant at his side "just shoot-

ing past," and that although he was on the alert for signals from behind he heard none.

If the road was of sufficient width to permit defendant's passing, plaintiff was in duty bound not to obstruct the same. G. S. 1913, § 2552. But he was not bound at his peril to know that defendant was desirous of passing. He was only required to exercise due care. The question of his contributory negligence was for the jury.

3. The evidence as to speed of defendant's car was properly received. The witnesses were not experts, but this is not necessary. Any person of reasonable intelligence and ordinary experience in life may, without proof of further qualification, express an opinion as to how fast an automobile which has come under his observation was going at a particular time. Daly v. Curry, 128 Minn. 449, 151 N. W. 274.

4. The court charged the jury that it is the duty of a traveler desiring to pass from the rear to signal in some manner to the driver of the front vehicle indicating that desire. Surely this is good law as applied to a case where the driver of the front vehicle is not otherwise apprised of the approach and this is the claim of plaintiff in this case.

Order affirmed.