MARY A. DONOVAN, ALSO KNOWN AS MOLLIE D. DONOVAN, AND ANOTHER v. EARL W. OGSTON AND ANOTHER.[1]

July 10, 1953.

No. 35,986.

*Fryberger, Fulton & Boyle,* for appellants.

*Lewis, Hammer, Heaney, Weyl & Halverson,* for respondents.

[1] Reported in 59 N. W. (2d) 672.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiffs, Mary A. Donovan and Daniel J. Donovan, her husband,[2] to recover for personal injuries and consequential damages sustained when plaintiff Mary Donovan was struck by an automobile driven by defendant Allen E. Ogston and allegedly owned by his father, defendant Earl W. Ogston. The jury returned a verdict in favor of defendants. Plaintiffs appeal from an order of the trial court denying their motion for a new trial.

At about 5 p. m. on the afternoon of July 29, 1949, plaintiff Mary A. Donovan was walking south on the west side of Fifth avenue east in the city of Duluth. As she was crossing East Second street, she was struck by a car driven by defendant Allen E. Ogston which was traveling east on East Second street.

For purposes of this opinion, East Second street, which is 42 feet wide, shall be considered as running east and west and Fifth avenue east, which is 38 feet wide, as running north and south. Fifth avenue east terminates at East Second street. There are no marked crosswalks at the intersection. The sidewalk on the south side of East Second street is separated from the street by a four-foot grassy strip. If the sidewalk on the west side of Fifth avenue east were extended across the intersection, the extended sidewalk lines would intersect this grassy strip. Eight and one-half feet west of the west line of the extended sidewalk, there is a concrete walk which runs from the south curb of East Second street to the apartment building in which plaintiffs resided. Since no parking was allowed on East Second street at the time of the accident, there was room for two lanes of moving traffic south of the center line of the street. There were no stop signs at the intersection.

Viewing the evidence in the light most favorable to the verdict, as we must, the following facts appear: Defendant Allen Ogston was following several vehicles as he approached the intersection in the lane next to the center line. Two buses, which turn left onto

[2]By order of the district court entered April 18, 1952, Mary A. Donovan, special administratrix of the estate of Daniel J. Donovan, deceased, was substituted as one of the plaintiffs in his place.

Fifth avenue east at the intersection, were at the head of this line of traffic. The leading bus stopped about six or eight feet west of the crosswalk to allow plaintiff Mary Donovan, who was standing in the center of East Second street, to cross the street. At about this time, defendant Allen Ogston turned into the lane nearest the curb and proceeded toward the intersection at a speed of 10 to 15 miles per hour. Plaintiff Mary Donovan walked toward the concrete walk leading to the apartment building passing within about one or two feet of the right front of the bus. As she stepped out from the front of the bus, defendant Allen Ogston observed her not more than 15 feet ahead of him and immediately applied his brakes, which were in good mechanical condition. The accident occurred directly in front of the concrete walk. Plaintiff Mary Donovan was struck by the left front bumper of the car, which stopped almost at the point of impact.

■ Plaintiffs contend that the evidence was insufficient to support the verdict against them. Necessarily, they argue not only that defendant Allen Ogston was guilty of negligence as a matter of law but also that Mary Donovan was free from contributory negligence or that her negligence, if any, was not a proximate cause of her injuries. However, the jury could find from the evidence that Mrs. Donovan was not on the crosswalk and therefore she did not have the right of way at the point of collision. In view of the facts and circumstances presented, the jury could reasonably conclude that defendant Allen Ogston was justified in believing that the leading bus was stopped to allow westbound traffic to pass before making a left turn at the intersection and that he was not negligent in failing to anticipate that a pedestrian was about to step out from in front of the bus into his lane of travel. The jury could also find that he observed Mrs. Donovan at the first possible moment and that thereafter he exercised reasonable care in attempting to avoid running into her. Furthermore, the jury could find that Mrs. Donovan failed to look before stepping from in front of the stopped bus into defendant's lane of travel and that her action in stepping from a place of safety into the path of defendant's vehicle consti-

tuted negligence which proximately contributed to her injuries. In our opinion, both the issues of negligence and contributory negligence were clearly questions of fact for the jury.

2. Plaintiffs' principal contention is that the trial court erred in failing to make it clear to the jury that plaintiff Mary Donovan's negligence, if any, must be a proximate cause of her injuries to constitute a defense to the action. At the outset of its charge the trial court instructed the jury as follows:

"* * * If there was on the part of the driver of this car negligence as I have defined it, and that negligence was a proximate or direct cause of Mrs. Donovan's injuries, then she is entitled to recover; unless it appears from the evidence she herself was guilty of negligence proximately contributing to the collision or the impact there with resultant injuries.

"I may put it again in a different way; that if this accident, this injury to Mrs. Donovan, occurred by reason of the combined negligence of both her and the driver of this car, then there can be no recovery."

After reading the pertinent provisions of the highway traffic regulation act, the trial court further instructed the jury as follows:

"I think that the jury ought first to consider the question of liability of the parties here; that is, as to whether any recovery is to be had by the plaintiffs in this litigation, whether there was negligence on the part of the driver of this car, whether that negligence proximately caused the injuries here complained of. On the other hand, whether there was any contributory negligence on the part of Mrs. Donovan herself. * * *

&ast; &ast; &ast; &ast; &ast;

"* * * The burden of proof is on the plaintiff to establish the negligence and the proximate cause of that negligence on the part of the defendants here or the driver of this car. On the other hand, the defendants claim that Mrs. Mollie Donovan was guilty of contributory negligence, and if that is to be found by the jury, it will first be the duty of the defendants to prove such contributory negli-

gence by that same degree of proof; namely, a fair preponderance of the evidence.

"Before going on to credibility of witnesses and verdicts, gentlemen, is there anything I have omitted?

         *    *    *    *    *

"Is there anything else that occurs to counsel before I go on?

"Both counsel: No, your Honor.

         *    *    *    *    *

"Then in the event you find there was no negligence here on the part of the driver of this car or that any such negligence was not the proximate cause of the injury here complained of, or that you find that the plaintiff herself was guilty of contributory negligence, then in that case you will use this form of verdict: * * *

"Is there any correction or addition or any suggestion beyond what I have covered here?

"(No answer.)"

Defendants argue that the initial portion of the charge as quoted was sufficient and that the element of proximate cause is implicit in the term *contributory negligence.* It is fundamental that contributory negligence involves two essential elements; namely, negligence and proximate cause. 4 Dunnell, Dig. & Supp. § 7015. We have no doubt that one learned in the law can perceive this distinction and recognize that both elements are contained in the term *contributory negligence.* However, where, as here, one of the issues is whether plaintiff's negligence, if any, was a proximate cause of plaintiff's injuries, the jury must also be cognizant of this distinction. We are of the opinion that, although the trial court's charge as a whole was substantially correct on this issue, it did lack the preciseness and clarity that is to be desired.

Rule 51 of the Rules of Civil Procedure provides in part as follows:

"* * * No party may assign as error unintentional misstatements and verbal errors, or omissions in the charge, unless he objects thereto before the jury retires to consider its verdict, stating

distinctly the matter to which he objects and the grounds of his objections."

The trial court at the conclusion of its charge to the jury invited counsel to make any corrections, additions, or suggestions. If the charge appeared to counsel to be lacking in clarity or to be capable of a construction which would be misleading, it was his duty to call the trial court's attention to it and have it corrected at that time. Since plaintiffs' counsel failed to do this, plaintiffs are barred by Rule 51 of the Rules of Civil Procedure. See, Peterson v. Lang, 239 Minn. 319, 325, 58 N. W. (2d) 609, 613, and cases there cited; 2 Youngquist & Blacik, Minnesota Rules Practice, pp. 622 to 635; and Mason's Dunnell, Minn. Pract. § 1544.

Plaintiffs also contend that the trial court erred in reading to the jury those portions of the highway traffic regulation act pertaining to marked crosswalks. Since the only basis for this contention is that the portion of the instruction complained of, although a correct statement of the law, was not applicable to the facts in the case, it presents no ground for reversal. See, Chapman v. Dorsey, 235 Minn. 25, 31, 49 N. W. (2d) 4, 8.

Plaintiffs' other contentions have been carefully considered and found not to justify a reversal. Therefore, the order of the trial court denying plaintiffs' motion for a new trial must be affirmed.

Affirmed.