## BEATRYCE GREENBERG AND ANOTHER v. FRANK X. HOLFELTZ AND ANOTHER.[1]

March 18, 1955.

Nos. 36,430, 36,425.

[1]Reported in 69 N. W. (2d) 369.

*Robins, Davis & Lyons, Harding A. Orren,* and *Stanley Nemer,* for appellants.

*Faegre & Benson, Wright W. Brooks,* and *John A. McEachron, Jr.,* for respondents.

DELL, CHIEF JUSTICE.

Actions by Beatryce Greenberg to recover for personal injuries, and by her husband, Jack Greenberg, to recover for medical and hospital expenses incurred for his wife, for loss of her companionship, and for damages to his automobile, arising out of an accident allegedly caused by the negligence of defendant Frank Holfeltz. The cases were consolidated for trial and heard together on appeal. Plaintiffs appeal from orders denying their motions for a new trial.

On October 21, 1951, Mrs. Greenberg, 39 years of age at the time of trial was driving a 1950 Chevrolet automobile owned by her husband. While driving in a southerly direction on Second avenue north in Minneapolis, she collided with a 1950 Packard automobile registered in the name of defendant LaVerne Holfeltz and being operated by her husband, Frank Holfeltz, who was driving in a westerly direction on Fourth street. Mrs. Greenberg, the only occupant of her car, testified that as she approached the intersection of Second avenue north

and Fourth street, which is uncontrolled by any type of traffic signal, she slowed down to 15 to 18 miles per hour and looked in both directions. Observing no vehicle in sight, she proceeded toward the intersection. When she was 8 to 10 feet from the intersection, she saw the Holfeltz car which was then 100 to 110 feet away. She increased her speed to 20 or 22 miles per hour in an effort to safely cross the intersection. She was in the middle of the intersection when her vehicle was struck on the left side by the Holfeltz car, which Mrs. Greenberg testified was traveling at a speed of 35 to 40 miles per hour.

The testimony of Frank Holfeltz is in sharp conflict with that of Mrs. Greenberg. According to his version, he was driving about 20 miles per hour and slowed down to 15 miles per hour as he approached the intersection. The back seat of his car was occupied by his wife's elderly parents, Mr. and Mrs. Benjamin Shedlov. Although Holfeltz looked to his right when he was about to enter the intersection, he did not see the Greenberg car. When he was almost 15 feet into the intersection, he looked to the right again and saw the Greenberg vehicle which was then 35 feet back from the intersection and traveling about 35 miles per hour. When he saw that the Greenberg car was not slowing down, he applied his brakes, sliding several feet, and was almost stopped at the moment of impact, at which time his car was within 12 feet of being completely across the 50-foot intersection. The Greenberg car, which was headed directly toward him, skidded sideways into the right front end of his car. Holfeltz's vehicle came to rest in the southwest corner of the intersection, while plaintiff's car proceeded down Fourth street in a westerly direction for approximately one-half block before stopping.

Mr. Shedlov testified that he saw the Greenberg car when it was 60 to 65 feet away and estimated its speed at 30 to 35 miles per hour. The accident occurred at about 5 p. m., and the weather was clear although the streets were wet. There was some conflict as to whether the surface of the intersection, which was composed of red brick, was slippery. The court found as a matter of law that Mrs. Greenberg was a bailee.

The jury returned a verdict for the defendants in Mrs. Greenberg's case and in favor of the plaintiff in Mr. Greenberg's case, awarding him damages in the amount of $60. The uncontradicted evidence showed that the damages to the Greenberg automobile amounted to $600. Both plaintiffs moved for a new trial on all issues, which motions were denied except as to the issue of damages only in the Jack Greenberg case, conditional upon the defendants' failure to consent to an increase in damages to $600 by additur. The defendants consented to the additur.

■ Plaintiffs first contend that the testimony of Shedlov with respect to the speed of plaintiffs' vehicle should have been stricken. The rule is well settled that "Any person of reasonable intelligence and ordinary experience in life may, without proof of further qualification, express an opinion as to how fast an automobile or other moving object which has come under his observation was going at a particular time."[2] Plaintiffs concede that under this rule Shedlov was competent to express an opinion as to the speed of the automobile and also that he had sufficient opportunity to observe the vehicle so as to be able to give an opinion as to its speed based on such observation. It is argued, however, that his testimony was not based upon his observation of the vehicle, but rather on his computation made subsequent to the collision based upon his opinion as to the distance and time involved. On direct examination Shedlov testified that he saw the Greenberg car for approximately 60 to 65 feet prior to the accident and that he was able to form an opinion as to its speed, which he "figured" would be about 30 to 35 miles per hour. On cross-examination the following testimony was elicited by plaintiffs' counsel:

"Q. The fact of the matter then is, Mr. Shedlov, that with respect to any observation or determination by you as to the speed at which your [sic] automobile was going, you made that determination after the accident was all over, isn't that correct?

[2]Hatley v. Klingsheim, 236 Minn. 370, 376, 53 N. W. (2d) 123, 127, quoting with approval from Daly v. Curry, 128 Minn. 449, 451, 151 N. W. 274; see, 7 Dunnell, Dig. (3 ed.) § 3322a, note 26; Annotations, 70 A. L. R. 540 and 94 A. L. R. 1190.

"A.   No, same time she was going I figure up.

"Q.   Mr. Shedlov, did you figure it up or did you look at her car and form an opinion as to how fast she was going? Which did you do?

"A.   Because she was going that many miles, and we can figure it up the way we were going, I thought, you see, that is what the time was.

"Q.   When did you figure it up?

"A.   Same time when we was sitting there in the car, when I see the way she was going after she stopped.

"Q.   After she stopped?

"A.   After she knocked us in.

"Q.   It was after the accident you figured this up.

"A.   Well, can't figure it before they have collision."

Diligent search has brought to light no rule that a nonexpert opinion as to speed is incompetent if it is not formed at the moment the moving vehicle is observed. To the contrary, the cases are quite uniform that even if the estimate of speed is made subsequent to the observation it is admissible, although the weight to be given it may be affected.[3] Of course, if the witness is unable to remember his observations, the conclusions and inferences he draws therefrom, whenever made, will be unreliable and of dubious probative value.[4] In the instant case it is clear that whether Shedlov formed his opinion at the moment he saw the Greenberg automobile or immediately after the accident has little bearing on the admissibility of his estimate.

The opinion of a lay witness is not admissible when "by the mere words and gestures of the witness the data he has observed can be so reproduced that the jurors have those data as fully and exactly as the witness had them at the time he formed his opinion."[5] Plaintiffs

[3]Dalton v. United Rys. Co. 134 Mo. App. 392, 114 S. W. 561; Copithorn v. Boston & Maine R. 309 Mass. 363, 35 N. E. (2d) 254; Lorenzen v. United Rys. Co. 249 Mo. 182, 155 S. W. 30; Engle v. Finch, 37 Ga. App. 389, 140 S. E. 632 (syllabus opinion); Humphries v. Louisiana Ry. & Irr. Co. (Tex. Com. App.) 291 S. W. 1094.

[4]See, Copithorn v. Boston & Maine R. 309 Mass. 363, 367, 35 N. E. (2d) 254, 256.

[5]7 Wigmore, Evidence (3 ed.) § 1924. (Italics omitted.)

argue that this rule is applicable in the instant case since Shedlov based his conclusion on facts involving distance and time which could just as readily have been submitted to the jury. Had the witness, with some reasonable degree of accuracy, stated the exact distance the Greenberg car traveled within a definite period of time, his opinion as to the speed of the vehicle would likely have been superfluous since the jury could then just as easily have reached its own conclusion as to how fast the vehicle was traveling. Such is not the case here, however. At best, all that the testimony shows is that in forming his opinion the witness took into consideration, in a general way, time and distance factors. Inasmuch as rate of speed is a relative concept, dependent upon such factors,[6] it is difficult to conceive how any estimate of speed can be made without some reference to the time and distances involved although it may frequently be an unconscious mental process. As pointed out by Professor Wigmore, the rule urged by plaintiff often breaks down when illiberally applied, and frequently the courts err in excluding opinions based on observed data which cannot, "in any liberal and accurate view, be really reproduced to the jury by the witness' words and gestures."[7] Similarly, we do not feel that the basis on which Shedlov rendered his opinion here could have been accurately reproduced to the jury. His testimony simply is not susceptible to the interpretation that plaintiffs would have us afford it.

In any event, the admissibility of the questioned testimony rested largely in the discretion of the trial court.[8] This rule seems particularly applicable in the instant case where the witness, who could neither read nor write, obviously had considerable difficulty in expressing himself. The trial court was in a far better position than we to judge the import and probative value of his testimony. We

---

[6]"Speed" has been defined as "Rate of motion as measured by space passed over in a given time; * * *." Funk & Wagnalls New Standard Dictionary (1945) p. 2336.

[7]7 Wigmore, Evidence (3 ed.) § 1924.

[8]Aasen v. Aasen, 228 Minn. 1, 8, 36 N. W. (2d) 27, 32; 7 Dunnell, Dig. (3 ed.) §§ 3312, 3322a; see, Stedman v. Norlin, 243 Minn. 389, 68 N. W. (2d) 393.

find no abuse of discretion in admitting Shedlov's testimony as to the speed of the Greenberg vehicle.

■ Plaintiffs assign as error the trial court's failure to define the term "proximate cause" in instructing the jury. While plaintiffs made no request for such an instruction, they did assign the failure as a ground in their motion for a new trial. Rule 51 of the Rules of Civil Procedure provides in part:

"* * * No party may assign as error unintentional misstatements and verbal errors, or omissions in the charge, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections. An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

This portion of Rule 51 is merely a restatement of the law as it existed in Minnesota prior to the adoption of the new rules, and consequently our previous decisions are controlling here.[9] In Klaman v. Hitchcock, 181 Minn. 109, 231 N. W. 716, we held that, in the absence of a request and where the court's attention was not directed to the omission, the failure to define "proximate cause" to the jury was not reversible error.[10] The omission was held not to involve error with respect to fundamental law or controlling principle so as to fall within the exception to the general rule permitting the objection to be raised for the first time in a motion for a new trial.

Recognizing that the existing law is contrary to their asserted position, plaintiffs contend that the decisions are incorrect and based on erroneous assumptions. Plaintiffs' arguments are not persuasive. We have carefully reexamined the rationale of the Klaman case and can find no sound reason for reversing the decision reached therein.[11]

[9]Peterson v. Lang, 239 Minn. 319, 326, note 6, 58 N. W. (2d) 609, 613, note 5, and authorities cited; Mason's Dunnell, Minn. Pract. §§ 1543, 1544.

[10]See, also, Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198; Wickham v. Chicago, St. P. M. & O. Ry. Co. 110 Minn. 74, 124 N. W. 639, 994.

[11]See Donovan v. Ogston, 239 Minn. 553, 59 N. W. (2d) 672, holding that under Rule 51 failure to charge the jury that proximate cause is an essen-

■ Plaintiffs next contend that in its charge to the jury the trial court failed to correct misstatements of law allegedly made by defense counsel in his closing argument, to which plaintiffs seasonably objected. Assuming that some of defense counsel's remarks might be construed as implying that the plaintiff Mrs. Greenberg had the burden of proving herself free from contributory negligence, we do not feel that they could have had any prejudicial effect under the circumstances of this case. Prior to making the supposedly prejudicial statements, defense counsel said:

"Now, the plaintiff, the Court will tell you, has the burden of proving negligence, and *we have the burden, as defendants, of proving contributory negligence,* but they are both based on the testimony that you have heard here in court." (Italics supplied.)

Plaintiffs' counsel reiterated the correct rule of law in his closing argument and the court, in charging the jury, stated:

"On the other hand, by the same degree of proof, the defendants Holfeltz having claimed that Beatryce Greenberg was guilty of contributory negligence, they must establish that by the same degree of proof, by a fair preponderance of the evidence."

In view of the foregoing, we do not see how the jury could possibly have been misled. The trial court did not abuse its discretion in refusing to grant a new trial on this ground.

■ In the Jack Greenberg case the trial court granted plaintiff's motion for a new trial only as to the issue of damages to his automobile conditional upon defendants' failure to consent to an additur, to which additur defendants consented. Plaintiffs contend that, because the verdict in the Jack Greenberg case was obviously inadequate, the court erred in not granting a new trial in both cases on all issues. Since the jury returned a verdict for the defendants in the Beatryce Greenberg case and for the plaintiff in the Jack Greenberg case, it is obvious that it found that the accident resulted from the negligence of both drivers. Under such a finding it was instructed,

---

tial element of contributory negligence was not reversible error when the omission was not called to the trial court's attention.

in accordance with our decision in Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945, to return a verdict in favor of Mr. Greenberg for the damages to his vehicle. There is ample evidence supporting the jury's finding that the defendant Holfeltz was negligent and that Mrs. Greenberg was contributorily negligent. In fact, plaintiffs concede that "there may have been sufficient evidence to sustain the jury's finding as to liability." Where the damages awarded by the jury are inadequate and it appears that the verdict was a compromise between the right of recovery and the amount of damages sustained, a new trial should be ordered as to all the issues.[12] On the other hand, where the evidence amply sustains the jury's verdict as to liability, the case should be remanded for a new trial on the issue of damages only.[13] In view of these well-established principles, we fail to see the merit of plaintiffs' contention that a new trial should be granted on all issues in both cases.

The decisions relied upon by plaintiffs clearly do not support their position. In Hurr v. Johnston, 242 Minn. 329, 65 N. W. (2d) 193, verdicts were returned for the wife for her personal injuries and for the husband for damages to his automobile and other items of special damage. We granted a new trial on all issues in both cases since the inadequacy of the damages appeared to have been the result of compromise between the right of recovery and the amount of damages. In Krueger v. Henschke, 210 Minn. 307, 298 N. W. 44, three actions were consolidated for trial and verdicts returned in favor of all three plaintiffs. Each plaintiff moved for a new trial as to damages. The trial court granted a new trial to one of the plaintiffs as to all the issues. Concluding that the damages as to the other two plaintiffs were also inadequate, we ordered that a new trial be granted them also, and, since we felt that justice required that all three cases be tried together, the new trial was granted upon all issues. A converse situation was present in McHardy v. Standard Oil Co. 231 Minn.

[12]Hurr v. Johnston, 242 Minn. 329, 65 N. W. (2d) 193; Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. (2d) 263; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582; 14 Dunnell, Dig. (3 ed.) § 7141, note 99.

[13]Blacktin v. McCarthy, 231 Minn. 303, 42 N. W. (2d) 818.

493, 44 N. W. (2d) 90, where the jury returned verdicts for both plaintiffs not only in excess of the damages shown by the evidence but also well in excess of that claimed in the pleadings. The trial court denied defendant's motion for a new trial after the verdicts were remitted to the amounts claimed in the complaints. Following the well-established rule, we held that, because the verdicts were against the great weight of the evidence as well as being excessive, a new trial should have been ordered in both cases.

None of these cases are comparable to the instant case. Here there was a verdict *for the defendants* in Mrs. Greenberg's case. There is no question of whether the damages awarded her were excessive or inadequate but only whether the evidence supports the finding that she was contributorily negligent, which plaintiffs concede it does. Of significance here is our decision in Hatley v. Klingsheim, 236 Minn. 370, 53 N. W. (2d) 123. In that case actions were commenced by Mrs. Hatley for personal injuries, and by Mr. Hatley for damages to his automobile and other items. The cases were consolidated for trial and, as in the instant case, a verdict was returned for the defendants in Mrs. Hatley's case, and in favor of Mr. Hatley for damages to his automobile. The trial court granted Mr. Hatley's motion for a new trial on the issue of damages to his vehicle unless defendant would consent that the verdict be increased by additur. We held that, since the evidence sustained a finding of contributory negligence on the part of Mrs. Hatley, there was no question but that the new trial in Mr. Hatley's case should be limited to the issue of damages to his automobile. We further rejected plaintiffs' contention that because the verdict in Mr. Hatley's case was so inadequate it demonstrated that the jury's verdict in both cases was the result of passion and prejudice. We cannot agree with the plaintiffs here that the Hatley case is distinguishable merely because the verdict in that case was not as disproportionate to the evidence as in the instant case. The basic considerations are the same and, as in the Hatley case, we can find no merit here in plaintiffs' claim.

In their reply brief plaintiffs, apparently having been provoked by comments in defendants' brief, further argue that the trial court erred in granting defendants' motion to withdraw from the jury the

question of a therapeutic abortion undergone by Mrs. Greenberg two years subsequent to the date of the accident. Although somewhat belated, we have nevertheless considered the argument and conclude that it is without merit and does not warrant discussion. There was clearly no abuse of discretion in denying plaintiffs' motions for a new trial subject to the additur on any of the grounds urged.

Affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.