### NORMAN HALL AND ANOTHER v. CITY OF ANOKA.

109 N. W. (2d) 319.

May 19, 1961—No. 38,234.

*Lipschultz, Altman, Geraghty & Mulally* and *Roger R. Lenzmeier,* for appellant.

*Babcock & Locher,* for respondents.

DELL, CHIEF JUSTICE.

This is an action to recover damages for injuries sustained as a result of a fall on a public sidewalk. Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

On December 6, 1955, at approximately 4:30 p. m., the plaintiff Hazel Hall fell on the sidewalk in front of the Herald building in Anoka. She claims that the fall was occasioned by ridges and bumps in snow and ice which the defendant city had allowed to accumulate and compact on the sidewalk. On the first trial of this case, the court directed a verdict in favor of the defendant. On appeal we reversed, holding that the evidence of the defendant's negligence raised an issue of fact for the jury.[1] Our earlier opinion sufficiently states the facts and they will not be repeated here.

Where ice and snow are allowed to accumulate on sidewalks and cause dangerous ridges and depressions, the municipality may be liable if it fails to exercise ordinary care in removing the defect. Liability does not arise, however, unless the municipality fails to act with-

---

[1]Hall v. City of Anoka, 256 Minn. 134, 97 N. W. (2d) 380.

in a reasonable time after it has either actual or constructive notice of the defect.[2] Consequently, where actual notice is not an issue, as in the instant case, the plaintiff has the burden of establishing that the defect causing the injury existed for a sufficient length of time so that it should have been discovered and corrected by the city in the exercise of reasonable diligence. The determination of what constitutes "sufficient time" is dependent upon the particular circumstances of the case and ordinarily is a question of fact for the jury.[3]

Defendant complains that the trial court omitted to charge the jury with respect to this principle, limiting its instructions to a restatement of Anoka City Charter, c. XVI, § 2, which provides:

"In the prosecution of actions against the City for personal injuries growing out of defective * * * sidewalks, * * * it shall be necessary, in order to maintain said action for the plaintiff, to allege and prove that the defect or want of repair complained of existed for more than ten days immediately prior to the time of the happening of the injury, or that said City had actual notice and knowledge of such defect or want of repair at the time such injury happened."

The effect of this provision is to. establish a conclusive presumption that 10 days is insufficient time for the city reasonably to discover and remedy the defect. The section does not, however, purport to establish the converse proposition as a rule of law. In other words, failure to act for a period of 10 days does not necessarily constitute negligence as a matter of law.

The court did not instruct the jury that the existence of the defect for more than 10 days necessarily constituted negligence on the part of the defendant. It merely stated that if the dangerous condition existed for more than 10 days "then the charter provision in question would not stand in the way of recovery, provided that plaintiffs sustained their burden of proof on all of the other elements of their claim." The court

[2]Bury v. City of Minneapolis, 258 Minn. 49, 102 N. W. (2d) 706; Larson v. City of Mankato, 239 Minn. 484, 59 N. W. (2d) 312; Mesberg v. City of Duluth, 191 Minn. 393, 254 N. W. 597.

[3]See, e. g., Woodring v. City of Duluth, 224 Minn. 580, 29 N. W. (2d) 484; Mathieson v. City of Duluth, 201 Minn. 290, 276 N. W. 222.

clearly pointed out that the city was under a duty to exercise only reasonable care in keeping its sidewalks in a reasonably safe condition for pedestrians using them and was not an insurer of their safe condition. The principle that the defect must exist a sufficient length of time for it to have been reasonably discovered and corrected is merely an amplification of what constitutes ordinary care under the circumstances. The defendant neither requested an instruction on this principle nor called the omission to the court's attention. Consequently the omission cannot, in any event, be said to constitute reversible error.[4]

■ Defendant next contends that the evidence fails to establish that the defect complained of existed for 10 days or more prior to the accident. The evidence presented at the second trial is so similar to the evidence presented at the first trial and before us on the previous appeal as to render it unnecessary for us to discuss this point again.

■ Mrs. Hall testified that as she was entering the Herald building she noticed that there was "an accumulation of hard packed snow" on the sidewalk in front of the building and that it was full of "hummocks" and "ridges." Defendant contends that with this knowledge of the dangerous condition she was contributorily negligent as a matter of law in failing to choose an alternative route on leaving the Herald building. One witness testified that on the day of the accident or the preceding day he had shoveled a 2-foot path on the sidewalk in front of the Herald building. Another testified that there were no bare spots of any substantial size on the sidewalk, and that the entire walk was in a rough condition. Mrs. Hall testified that on leaving the Herald building she looked for a safer course but could find none.

In view of the conflicting evidence, the trial court would not have been justified in holding, as a matter of law, that Mrs. Hall unreasonably exposed herself to risk of injury.[5] The issue was properly submitted to the jury with appropriate instructions.

Affirmed.

---

[4]Rule 51, Rules of Civil Procedure; Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. (2d) 369; Donovan v. Ogston, 239 Minn. 553, 59 N. W. (2d) 672; Klaman v. Hitchcock, 181 Minn. 109, 231 N. W. 716.

[5]See, Slindee v. City of St. Paul, 219 Minn. 428, 18 N. W. (2d) 128; Campion v. City of Rochester, 202 Minn. 136, 277 N. W. 422.