KENNETH SENESCALL AND ANOTHER v.
STANLEY OLSON.

194 N. W. 2d 762.

February 11, 1972—No. 42586.

*Harlan G. Sween* and *Sween, Salazar & Winick,* for appellants.
*Kenneth W. Green* and *O'Connor, Green, Thomas, Walters & Kelly,* for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

PER CURIAM.

Appeal from an order denying plaintiffs' motion for a new trial. This action involved personal injuries to plaintiffs allegedly sustained by them as pedestrians in a hit-and-run accident at about 1:30 a. m., November 11, 1962, at the intersection of Third Avenue South and Third Street in the city of Minneapolis. The identification of defendant and his vehicle was essential to the plaintiffs' recovery.

Due to physical disability, plaintiff Kenneth Senescall's deposition, taken on April 16, 1966, was offered into evidence at trial. The deposition had been taken for discovery purposes. The disability making its use at trial allowable under Rule 26.04(3), Rules of Civil Procedure, did not arise until some time after it was taken. Objections were made to certain portions of the deposition, some of which were sustained, and this appeal arises from the trial court's sustaining on the grounds of lack of proper foundation an objection to the introduction of Kenneth's identification testimony of the hit-and-run vehicle's driver.

Kenneth was questioned about his observations of the hit-and-run driver and the circumstances under which the observations were made. He testified that the driver had backed the auto into him and then "more or less stopped and took right off forward again." Kenneth claimed that he then ran around the front of the car and pounded on the windshield from the passenger's side, observing that the driver, the only occupant, was a male about 50 years old, wearing a hat and generally dark clothing. In response to a question as to whether he had noticed anything peculiar about the driver's appearance, Senescall replied: "No, except that I would recognize the man again." Later on in the deposition, in response to a question as to whether he had seen the driver since the accident, Senescall replied that he had recognized defendant as the driver at the time of the taking of defendant's deposition. This identification testimony contained in his deposition was offered into evidence, but it was excluded by the trial court on the grounds that a sufficient foundation had not been laid for Senescall to state that he could identify defendant as the driver. The jury, in response to a special interrogatory, found that defendant and his automobile were not involved in the accident.

The issue on this appeal is whether there was sufficient foundation testimony for plaintiff Kenneth Senescall to identify defendant as the driver of the hit-and-run vehicle.

There is no evidence that Senescall actually saw the driver's face or other identifying features. Unless a witness can state that he actually

observed more than an individual's clothing, as was the situation in this case, he has not established any grounds upon which he can say that he would recognize the individual again unless that identification were to be made on the basis of the observed clothing. Furthermore, Senescall testified that the car backed into him, stopped more or less, and then took right off while he was pounding on the windshield from the passenger's side. These circumstances were such that there is considerable doubt that a reasonably reliable and trustworthy identification could have been made.

Questions regarding the sufficiency of foundational evidence are largely left to the sound discretion of the trial court. Kellett v. Wasnie, 261 Minn. 440, 445, 112 N. W. 2d 820, 824 (1962); Hatley v. Klingsheim, 236 Minn. 370, 377, 53 N. W. 2d 123, 127 (1952). Thus, in view of the facts presented by this case, we cannot conclude that the trial court abused its discretion or ruled in an arbitrary manner. The trial court's ruling is affirmed.

Affirmed.

Mr. Justice Todd, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.