**Ronald OLSON, et al., Appellants,**

v.

**Edward KOZLOWSKI, Respondent.**

No. 81–322.

Supreme Court of Minnesota.

Nov. 6, 1981.

Paris Don Ray Getty, Getty Law Office, Forest Lake, for appellants.

Arndt & Benton and Duane E. Arndt, Minneapolis, for respondent.

OTIS, Justice.

Plaintiffs Ronald and Morris Olson appeal from a summary judgment dismissing their complaint against defendant Edward Kozlowski in this suit for damage to property, tortious assault and emotional distress. The only question is whether there exists a genuine issue of material fact concerning defendant's identity as the tortfeasor. We conclude that there is and, therefore, reverse and remand for further proceedings.

On the evening of December 3, 1979 plaintiffs were hunting raccoon in rural Chisago County using two "bluetick" hounds. The dogs scented a raccoon and chased it ahead of the hunters onto defendant's land where they treed it. As Ronald Olson approached the tree he heard a shot and the yelp of one dog followed by a second shot and the yelp of the other. He determined to call the sheriff and as he was walking to the road to do so, three shots were fired at him from the direction of defendant's house.

Accompanied by a deputy sheriff, Ronald Olson went to defendant's farm to inquire about the incidents. Defendant appeared nervous, stated that he had heard shots and had driven into the woods to determine their origin but was unsuccessful, and refused permission to enter his land for investigation purposes without a warrant. The deputy and Ronald Olson, without defendant's knowledge, went to the tree where they discovered blood, human footprints and the body of one of the dogs in a gunny sack. While they were looking around they

heard a car door slam in defendant's farmyard where they had seen a pickup truck. Soon a pickup approached them on a field road that connected the farmyard with the wooded area where the dogs were shot. They hid. The person in the pickup examined the area, then returned to the farmyard. Neither the deputy nor Ronald Olson could identify the pickup or its occupant. Shortly after the pickup returned to the farmyard, several rifle shots were fired from the direction of the farmyard toward the scene of the dogs' shooting.

Other law-enforcement personnel responded to a call for assistance. Several officers again went to defendant's house and this time told him that they had found a dead dog which they wished to retrieve. He granted permission and as he accompanied the police to the scene, expressed the fear that he was "in trouble" and would have to "get an attorney." One of the officers observed that the prints made by defendant's overshoes resembled those found at the scene originally. The dog's body was taken to a veterinarian who determined that it had been shot with a load of homemade buckshot. Defendant admits that he possesses shotguns and rifles and that he does some home loading of shells.

We have often cautioned that summary judgment is not a substitute for trial. 2 J. Hetland & O. Adamson, Minnesota Practice, Civil Rules Annotated 563 (1970). Defendant concedes that circumstantial evidence is a legally appropriate vehicle for proving his identity as the tortfeasor even though direct evidence in the form of an eyewitness identification would be stronger. He maintains, however, that the above-recited facts do not give rise to reasonable inferences of his culpability but rather to speculation, conjecture and suspicion. *See Senescall v. Olson*, 292 Minn. 477, 194 N.W.2d 762 (1972); *Risner v. Stonebreaker*, 261 Minn. 66, 110 N.W.2d 475 (1961). In our view the facts presented by plaintiffs provide various bases for reasonably inferring defendant's guilt, including the direction of the shots, the arrival of the pickup from the farmyard via a farm road, the concealment of the dogs, the use of homemade shot not typical-

ly used by hunters but with which defendant was familiar, the use of both a shotgun and a rifle, both of which defendant had at his house, the similarity of the footprints, and defendant's demeanor. These, coupled with the fact that his credibility is doubtful due to his changing his story in several respects, indicate that there is a genuine fact question as to whether defendant perpetrated the tortious acts alleged that should be resolved by a jury.

Reversed and remanded.